**U.S. Department of Justice**

*United States Attorney's Office*
*Northern District of Indiana*

| | |
|---|---|
| Clifford D. Johnson<br>United States Attorney | United States Courthouse<br>5400 Federal Plaza, Suite 1500<br>Hammond, IN 46320<br>(219) 937-5500<br>Fax: (219) 852-2770 |

August 12, 2024

Christopher G. Conway, Clerk
Seventh Circuit Court of Appeals
219 S. Dearborn Street
Chicago, IL 60604

RE:   Fed. R. App. P. 28(j) Letter in *United States v. Reyna*, No. 23-1231 (argued November 1, 2023)

Dear Mr. Conway:

I write to advise the assigned panel of *United States v. Price*, 2024 WL 3665400 (4th Cir. 2024) (en banc), a recent Fourth Circuit decision rejecting (13-2) a Second Amendment challenge to 18 U.S.C. § 922(k) identical to Reyna's.

A nine-judge majority accepted the government's argument (Br. 9-15) that firearms with obliterated serial numbers are not "in common use" for lawful purposes. It found that the common-use limitation is "inherent in the meaning of 'the right of the people' and should be addressed at the first step" of the framework in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *Price*, at *4.

Turning to the "common use" question, the majority found no evidence law-abiding citizens choose firearms with obliterated serial numbers "for lawful purposes like self-defense." *Id.* at *9. Accordingly, the majority held that firearms with obliterated serial numbers "fall outside the scope of the Second Amendment's protection." *Id.* at *10.

Four judges concurred in the judgment. Judge Niemeyer agreed § 922(k) constitutionally targets firearms not in common use for lawful purposes but believed the majority "unnecessarily move[d] the historical component of the *Bruen* test to its first step." *Ibid.*

Christopher G. Conway, Clerk
August 12, 2024
Page -2-

Judge Agee would have resolved the case on the ground (inapplicable to Reyna) that "Price is a convicted violent felon who may not possess *any* firearm." *Id.* at *13.

Judge Quattlebaum, joined by Judge Rushing, believed the "common use" question fits within *Bruen*'s historical second step, rather than its first step. *Id.* at *16. He concluded the government "satisfied its burden of establishing that weapons with obliterated serial numbers are not '"in common use" today for self-defense' or other lawful purposes." *Ibid.*

Judge Gregory dissented because the removal of a serial number does not produce "a new type of weapon." *Id.* at *22. Judge Richardson also dissented, believing that a firearm with an obliterated serial number fits within the Second Amendment's text and the government failed to justify § 922(k) as a historical matter. *Id.* at *24.

Rather than create a circuit split, this Court should agree with *Price* and uphold § 922(k).

Sincerely,

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

BY: /s/ David. E. Hollar
David E. Hollar
Assistant United States Attorney
Chief, Appellate Division